# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINIANO RODRIGUEZ-VILLAREAL,<br><br>          Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CASE NO. 06-CV-0223 H<br>*related to* 99-CR-1515 H<br><br>**ORDER DENYING PETITIONER'S RULE 60(B) MOTION** |

On January 27, 2006, petitioner Martiniano Villareal-Rodriguez ("Petitioner") filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure regarding the Court's denial of Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. No. 101.) On September 18, 2006, respondent United States of America ("Respondent") filed an opposition to Petitioner's Rule 60(b) motion. (Doc. No. 109.) On October 30, 2006, Petitioner filed a reply. (Doc. No. 110.) For the reasons stated below, the Court **DENIES** Petitioner's Rule 60(b) motion.

## **Background**

On September 24, 1999, following a jury trial in the District Court for the Southern District of California, Petitioner was found guilty of one count of conspiracy to import marijuana in violation of 21 U.S.C. §§ 952 and 960, three counts of

importation of marijuana in violation of 21 U.S.C. §§ 952 and 960, one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and three counts of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Pet'rs Mot. Relief Judgment ("Pet'r Mot."), Ex. 1.) On May 25, 2000, Petitioner was sentenced to 120 months imprisonment and 8 years supervised release on the conspiracy to import and conspiracy to distribute charges and 60 months imprisonment and 3 years supervised release on the other charges, with the sentences to run concurrently. (Gov'ts Resp. and Opp. Pet'rs Mot. ("Gov't Resp."), Ex. 1 at 2-3.)

On February 14, 2005, the Ninth Circuit affirmed Petitioner's sentence. (Gov't Resp., Ex. 3.) The Ninth Circuit concluded that Petitioner's argument, based on Apprendi v. New Jersey, 530 U.S. 466 (2000), lacked merit because his sentence was below the 30 year statutory maximum Petitioner faced pursuant to 21 U.S.C. § 841(b)(1)(C) based on his stipulation to 91 kilograms of marijuana. (Id. at 2.)

On October 5, 2004, this Court denied Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Id., Ex. 7.) This Court concluded that Petitioner's argument that his sentence was based on an amount of marijuana that was not proved beyond a reasonable doubt at trial in violation of Apprendi was reviewed and rejected by the Ninth Circuit. (Id. at 4.) Thus, the Court concluded that Petitioner was precluded from raising this issue again in his habeas petition. (Id.)

**Discussion**

**A.   Petitioner Not Justified to Relief from the Judgment**

Petitioner argues that he should be relieved, pursuant to Rule 60(b)(6), from the Court's judgment regarding his § 2255 motion because the Court incorrectly concluded that his § 2255 motion was based on an argument previously decided by the Ninth Circuit. Rule 60(b)(6) states that upon a motion and such terms as are just, a district court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment. The Court concludes that Petitioner is not entitled to relief

from this Court's judgment denying Petitioner's § 2255 claim.

First, Petitioner's attempt to rely on <u>United States v. Booker</u>, 543 U.S. 220 (2005), as support for his Rule 60(b) motion is foreclosed because <u>Booker</u> does not apply retroactively. <u>See</u> <u>United States v. Cruz</u>, 423 F. 3d 1119, 1120 (9th Cir.2005) (holding that <u>Booker</u> does not apply retroactively in § 2255 proceeding where the conviction was already final when <u>Booker</u> was decided). Second, the Court concludes that Petitioner's § 2255 claim was substantially the same as the claim Petitioner raised before the Ninth Circuit. Third, as the Ninth Circuit concluded, Petitioner's claim that his sentence was based on a fact not proven beyond a reasonable doubt lacks merit. The Ninth Circuit concluded that Petitioner stipulated that 91.7 kilograms of marijuana was involved in his case. "[A] stipulation to a specific drug quantity--whether as part of a written plea agreement, part of a jury trial, or at sentencing--serve[s] as the equivalent of a jury finding on that issue . . . ." <u>United States v. Banuelos</u>, 322 F.3d 700, 709 n.3 (9th Cir. 2003). Since Petitioner's sentence of 120 months is below the statutory maximum of at least 20 years for convictions involving between 50 and 100 kilograms of marijuana, <u>see</u> 21 U.S.C. § 841(b)(1)(C), his argument that his sentence was based on a higher quantity of marijuana that was not proved beyond a reasonable doubt is precluded. <u>See</u> <u>United States v. Carranza</u>, 289 F.3d 634, 643 (9th Cir. 2002); <u>U.S. v. Mendoza-Paz</u>, 286 F.3d 1104, 1110-1111 (9th Cir. 2002). For all of these reasons, Petitioner is not entitled to relief from the Court's judgment.

**B.     Successive Petitions**

Petitioner argues that the trial court erred when it sentenced him based on a finding that his crimes involved 238.86 kilograms of marijuana rather than 91.7 kilograms. Although Petitioner makes this argument in a Rule 60(b) motion, the Court concludes that it is the functional equivalent of a successive petition for a writ of habeas corpus pursuant to § 2255. <u>Cf.</u> <u>Ortiz v. Stewart</u>, 195 F.3d 520, 520-21 (9th Cir. 1999) (concluding prisoner's Rule 60(b) motion had to be treated as a successive habeas petition and dismissed where the claim presented by the motion was previously raised

and considered in a prior habeas petition). Therefore, it must meet the requirements for a successive petition.

Before a petitioner may file a second or successive petition for writ of habeas corpus pursuant to § 2255, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3). In order for a court of appeal to grant authorization for a second petition, the petition must contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See id. § 2255.

Here, Petitioner did not receive an order from the Ninth Circuit permitting a successive petition. Furthermore, it does not appear to the Court that he meets the requirements to be granted a successive petition. Accordingly, the Court denies Petitioner's motion.

**C.    Timeliness**

Respondent argues that Petitioner's Rule 60(b)(6) motion is untimely. Rule 60(b)(6) motions must be made within a "reasonable time." In determining whether the motion is timely, a district court must consider such factors as the interest in finality, the reason for the delay, the moving party's ability to have brought the motion earlier, and the prejudice to the parties. See Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). This Court denied Petitioner's § 2255 motion on October 5, 2004 and denied a request to issue a certificate of appealability on November 29, 2004. Petitioner filed his Rule 60(b) motion approximately 14 months later, on January 27, 2006. Petitioner argues that the delay is not unreasonable because he appealed this Court's denial of his § 2255 petition. In support of this argument, Petitioner submits a petition for writ of certiorari that was allegedly filed with the Supreme Court in April 2005, but does not

1  contain any indication that it was filed or when it was filed. Regardless, the Court
2  concludes that the interests of finality weigh heavily toward finding Petitioner's motion
3  was not brought within a reasonable time.  Accordingly, the Court denies Petitioner's
4  Rule 60(b) motion for being untimely.

### **Conclusion**

For the reasons stated above, the Court **DENIES** Petitioner's Rule 60(b) motion.

IT IS SO ORDERED.

DATED:  August 17, 2007

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.